IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REESHA BELNAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **SAINT LUKE'S SOUTH HOSPITAL, INC.,** | ) Case No. _____ |
| Serve registered agent at: | ) |
| Corporation Service Company | ) |
| 2900 SW Wanamaker Drive | ) |
| Suite 204 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| **and** | ) |
| | ) |
| **SAINT LUKE'S HEALTH SYSTEM, INC.,** | ) **JURY TRIAL DEMANDED** |
| Serve registered agent at: | ) |
| Corporation Service Company | ) |
| 2900 SW Wanamaker Drive | ) |
| Suite 204 | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Reesha Belnavis ("Plaintiff"), by and through her undersigned counsel and for her Complaint for Damages against Defendant Saint Luke's Community Hospital, Inc. and Defendant Saint Luke's Health System, Inc. (hereinafter, collectively, "Defendants") states and alleges as follows:

**PARTIES**

1. Plaintiff is a citizen of the United States, residing in Johnson County, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.* ("FMLA").

1

2. Defendant Saint Luke's South Hospital, Inc. (hereinafter "Defendant Hospital") is a non-profit corporation incorporated under the laws of the state of Kansas with its headquarters located in Overland Park, Johnson County, Kansas at 12300 Metcalf Avenue, Overland Park, Johnson County, Kansas.

3. Defendant Saint Luke's Health System, Inc. (hereinafter "Defendant St. Luke's") is a non-profit corporation incorporated under the laws of the state of Kansas with its headquarters located in Kansas City, Jackson County, Missouri at 901 E. 104th Street, Kanas City, Missouri.

4. At all times pertinent to this Complaint for Damages, each Defendant was an employer under the FMLA.

5. Upon information and belief, Defendants share most or all of their policies and procedures.

6. Upon information and belief, Defendants share vendors, and make purchases together.

7. Upon information and belief, Defendants use data management systems (including systems for managing Electronic Medical Records) that are common between them and allow them to share such data with one another.

8. Upon information and belief, Defendants share a single website (saintlukeskc.org).

9. Upon information and belief, the operations of Defendant St. Luke and Defendant St. Luke's South are highly interrelated.

10. Upon information and belief, the senior management in charge of each Defendant is the same.

11. Upon information and belief, the management of Defendants is run by a common set of managers.

12. Upon information and belief, Defendants have common management.

13. Upon information and belief, Defendants share a single human resources department.

14. Upon information and belief, available positions for employment with either Defendant are posted together, designated as being employment "with Saint Luke's" and not distinguished from one another.

15. Upon information and belief, applicants applying to a position working for either Defendant apply through a common process.

16. Upon information and belief, there is a centralized control of labor relations between Defendants.

17. Upon information and belief, Defendant St. Luke's has financial control over Defendant St. Luke's South.

18. Upon information and belief, Defendants have a common ownership and financial control.

19. This is an action for interference with / restraint of Plaintiff's FMLA rights based upon and arising under the FMLA.

## JURISDICTION AND VENUE

20. All of the unlawful acts and practices set forth below were committed within Wyandotte County, Kansas.

21. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and has personal jurisdiction over all of the Defendants in this case. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391.

## BACKGROUND

22. Plaintiff has a serious health condition, anxiety and panic attacks.

23. Plaintiff's conditions constitute serious health conditions that make Plaintiff unable to perform the essential functions of her job.

24. Plaintiff was employed at Saint Luke's Community Hospital at 10544 Parallel Parkway in Kansas City, Kansas where she began her employment in or around July 2019 as a lead patient access representative.

25. Plaintiff's manager was Robyn Paulsen (hereinafter "Paulsen").

26. In or around February of 2021, Plaintiff had to apply for intermittent FMLA medical leave due to her condition.

27. After Plaintiff received medical leave under FMLA, Paulsen sent out a text message to the four other leads telling them about Plaintiff's intermittent leave and why she was taking it.

28. Plaintiff was not included in the text message and did not give Paulsen permission to tell Plaintiff's co-workers about her medical condition.

29. After this text was sent out, several of Plaintiff's co-workers made negative comments about Plaintiff's leave, saying she was just scamming the hospital and did not really need medical leave.

30. On or about March 9, 2021, Plaintiff reported to Defendants the comments about her "scamming" the hospital and Paulsen sending out her private information.

31. Plaintiff was afraid to take medical leave because she was concerned she would be subjected to further harassment and retaliation for doing so.

32. After Plaintiff's medical leave was approved, Paulsen told Plaintiff that she would need someone to cover her shift and that Plaintiff could not be covered by the hospital or miss time.

33. One week after Plaintiff's medical leave was approved, Plaintiff was "written up" with a verbal reprimand and told she was not doing her job correctly, which was not true.

34. Plaintiff was not able to receive hazard pay or her annual cost of living raise due to this reprimand.

35. Plaintiff had been employed by Defendants for more than twelve months at the time she requested FMLA leave.

36. Plaintiff had more than 1,250 hours of service working for Defendants during any given twelve-month-period of her employment, including the twelve months leading up to her request for FMLA leave.

37. The Defendants employed more than 50 employees at the Saint Luke's Community Hospital in Kansas City, Kansas (where Plaintiff worked) or within 75 miles of it.

38. Defendants' manager (Paulsen) shared Plaintiff's reason for taking FMLA without reason and without Plaintiff's permission.

39. In doing so, Defendants subjected Plaintiff to harassment by her co-workers.

40. Upon information and belief, no action was taken to stop this harassment.

41. By subjecting Plaintiff to such harassment (or allowing her to be subjected to it), Defendants prevent Plaintiff from using her FMLA leave.

42. By doing so, Defendant interfered with Plaintiff's rights under the FMLA.

43. Plaintiff was given a verbal reprimand for something she did not do.

44. Plaintiff was terminated on Defendant on or about September 9, 2021.

45. Upon information and belief, Defendants reprimanded Plaintiff (depriving her of her hazard pay and cost of living increase) in retaliation for exercising her rights under the FMLA and terminated Plaintiff for the same.

46. In doing so, Defendants violated the FMLA.

## COUNT I
## INTERFERENCE / RESTRAINT IN VIOLATION OF THE FMLA

47. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

48. Each of the Defendants is an employer under the FMLA.

49. Plaintiff was eligible to take FMLA leave, and the leave she took was qualifying FMLA leave.

50. Defendants caused Plaintiff to be harassed by her co-workers about taking the leave, making her afraid to take it.

51. Defendants attempted to impose improper and unlawful requirements on Plaintiff's using her FMLA leave, requiring she find someone to fill her shifts.

52. Defendants interfered with Plaintiff's exercising of her rights under the FMLA.

53. Defendants' actions against Plaintiff were willful.

54. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

55. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award Plaintiff damages as proven at trial, including front

pay, back pay, and liquidated damages, for equitable relief, for attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF THE FMLA

56. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

57. Each of the Defendants is an employer under the FMLA.

58. Plaintiff was eligible to take FMLA leave, and the leave she took was qualifying FMLA leave.

59. Shortly after Plaintiff's leave was approved, Defendants reprimanded Plaintiff and subsequently terminated her.

60. The reprimand and termination were based upon untrue allegations against Plaintiff.

61. Upon information and believe, Plaintiff's taking leave was the reason for the reprimand and termination.

62. Defendants unlawfully and intentionally discriminated against Plaintiff based on her exercising or attempting to exercise her rights under the FMLA.

63. Defendants unlawfully retaliated against Plaintiff based on her exercising or attempting to exercise her rights under the FMLA.

64. Defendants' actions against Plaintiff were willful.

65. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

66. By failing to take prompt and effective remedial action, Defendants in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award Plaintiff damages as proven at trial, including front pay, back pay, and liquidated damages, for equitable relief, for attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

### DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all matters set forth in this Complaint or arising therefrom, and, pursuant to D. Kan. Rule 40.2(a), requests such trial be held in Kansas City, Kansas.

Dated: June 29, 2022

By: /s/ Sarah C. Liesen
Sarah C. Liesen MO # 65331
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**

8